IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Gene Autry James, )<br>  )<br>             Plaintiff, )<br>  )<br>   vs.                    )<br>  )<br>Larry W. Powers, Director; and Medical )<br>Director, Spartanburg County )<br>Detention Center, )<br>  )<br>           Defendants. )<br>_____) | Civil Action No. 8:04-22499-CMC-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

      The plaintiff, a state pretrial detainee proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on the defendants' motion for summary judgment.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

      The plaintiff filed his complaint on October 25, 2004, alleging that the defendants violated his constitutional rights. On May 2, 2005, the defendants filed a motion for summary judgment. By order filed May 12, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response to the defendants' motion on May 20, 2005. The plaintiff also filed a motion for judgment on the pleadings on May 20, 2005.

      While this action was pending, the plaintiff filed a second complaint, essentially duplicating the allegations of the first complaint. *James v. Spartanburg County Jail, et. al*, C.A. No. 8:05-0168-CMC-BHH (filed January 27, 2005). By order dated August

17, 2005, United States District Judge Cameron M. Currie dismissed the second case and directed the clerk of court to file a copy of the complaint from the second action in the first action as a supplemental complaint. In response to Judge Currie's order, the defendants filed a supplemental motion for summary judgment on September 1, 2005. By order filed September 2, 2005, pursuant to *Roseboro*, the plaintiff was again advised of the summary judgment dismissal procedure and the consequences if he failed to respond to the motion. The plaintiff filed a reply to the defendants' supplemental motion on September 15, 2005.

## **FACTS PRESENTED**

This action is premised on the plaintiff's detainment at the Spartanburg County Detention Facility ("SCDF"). The record shows that the plaintiff has been detained at SCDF on the present charges since March 14, 2004. In his first complaint, the plaintiff alleges that the defendants have been deliberately indifferent to his medical needs since he has been detained at SCDF. Specifically, the plaintiff alleges that he suffers from a slipped disc, which results in pinched nerves and substantial pain, and that he has not been properly treated for this condition while at SCDF. He alleges that he has requested medical treatment on numerous dates but his requests have been ignored. (comp. at 3.) He also contends that the mattress upon which he has been sleeping "gives no back support". (comp. at 4.) The plaintiff contends that the indifference on the part of the defendants to his medical needs amounts to punishment. He seeks injunctive and monetary relief. In his supplemental complaint, the plaintiff makes similar allegations concerning medical indifference and alleges that he has not seen a doctor the entire time he has been detained at SCDF. (supp. comp. at 3-4.) In the supplemental complaint, the plaintiff seeks damages in the amount of $250,000 for pain and suffering, in addition to injunctive relief.

## **ANALYSIS**

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

> admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings; rather, she must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiffs' position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355,365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not

be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, she must produce existence of every element essential to her action which she bears the burden of adducing at a trial on the merits.

Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535(1979); *Cooper v. Dyke,* 814 F.2d 941 (4th Cir. 1987). "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) (citing *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988)).

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied,* 500 U.S. 956

4

(1991).  "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."  *Estelle*, 429 U.S. at 106.  Mere negligence or malpractice does not violate the Eighth Amendment.  *Id.*  Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged.  *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

The plaintiff claims in his complaints that he has received essentially no medical treatment since he has been detained at SCDF.  The defendants have presented evidence showing that in fact the plaintiff has been seen on numerous occasions by Dr. Salvatore Bianco, the SCDF physician, and the SCDF nursing staff.  The medical records from SCDF reveal that the plaintiff's complaints of back pain have been treated routinely and consistently with Motrin, Advil and other over the counter medications. (aff. of S. Bianco, Ex. A; Affidavit of J. Collins, Ex. A.)  In his affidavit, Dr. Bianco stated:

> 4.  Contrary to [the plaintiff's] allegations, he was consistently provided medical care during his current detainment at the SCDF.  Because of his numerous incarcerations, I have frequently examined [the plaintiff] and provided medical care to [him].  Primarily, to my knowledge, there has never been a clinical diagnosis of 'slipped disc' or 'pinched nerve' by a physician.  Unfortunately, [the plaintiff] has a chronic back problem that can only be treated with pain management. When an inmate presents with a chronic problem that can only be treated with pain management, I ordinarily will try to treat with over-the-counter medicines.  This is done in an effort ot avoid additional problems of addiction to stronger prescription medications. Based on the medical records of [the plaintiff], he has routinely been supplied with such pain relievers as Motrin 600 mg and Motrin 800 mg, in addition to Advil Cold and Sinus, which contains ibuprofen, a known pain reliever. (Exhibit "A").  Furthermore, [the plaintiff] did not have any prescription medications with him upon his entrance to the SCDF, nor to my knowledge has any stronger medications been prescribed to him outside of the SCDF for this chronic back problem.

5

> 5.  Although I have examined [the plaintiff], an examination is not always necessary for the SCDF to distribute pain medication to an inmate.
>
> 6.  Based upon my numerous examinations of [the plaintiff] through the years, no further treatment is needed for this inmate.

In her affidavit, Judy Collins, the nursing supervisor at SCDF, similarly recounts the plaintiff's medical history and treatment at SCDF, as evidenced by the medical records attached to her affidavit. Ms. Collins also noted:

> 6. As shown by his medical records, [the plaintiff's] complaints of pain have been routinely and consistently treated with Motrin 600 mg and Motrin 800 mg (Exhibit "A"). Although Dr. Bianco examined this inmate on numerous occasions, a doctor's visit is not always needed to supply an inmate with pain relief. Additionally, in response to [the plaintiff's] complaints of pain to his back, the SCDF submitted urinalyses to the Spartanburg Regional Medical Center Laboratory on April 1, 2004 and May 14, 2004 to rule out the possibility of a kidney stone. (Exhibit "A"). Both of these tests came back negative. ...

As noted by the defendants, the plaintiff's only evidence of his alleged slipped disc and pinched nerve in his back are his own statements. There is no record of any treating physician or other medical professional having made such a diagnosis. The records show that the medical staff at SCDF has been attentive and accommodating to the plaintiff's medical needs. In addition to receiving over-the-counter medications, as detailed in the medical records, the plaintiff has also received prescription glasses, dental care, and medication for sinus problems and constipation. Even assuming for purposes of this motion that the plaintiff has shown a serious medical need, he has failed to show deliberate indifference. The plaintiff's personal belief that the medical staff has not done enough to prevent his pain or correct his condition is not supported by the medical evidence. As noted above, mere negligence or malpractice does not violate the Eighth Amendment. *Estelle*,

6

429 U.S. at 106. Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright*, 766 F.2d at 849. Here, the plaintiff alleges no exceptional circumstances which meet the standard of deliberate indifference to serious medical needs required for Section 1983 liability.

Because there is no genuine issue of material fact as to the plaintiff's claim that he was denied medical treatment or that the defendants were indifferent to his medical needs, this claim should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment be granted. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the District Judge adopt this court's recommendation, the motions will be rendered moot.

IT IS SO RECOMMENDED.

s/ Bruce H. Hendricks
United States Magistrate Judge

November 7, 2005
Greenville, South Carolina

8