IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Gene Autry James, ) | C.A. No. 8:04-22499-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Larry W. Powers, Director, Spartanburg ) | |
| County Detention Center; and "Medical ) | |
| Director, Spartanburg County Detention ) | |
| Facility," ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on October 25, 2004, seeking relief, both injunctive and monetary, from this court for Defendants' alleged deliberate indifference to his medical needs.[1]

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation. On November 7, 2005, the Magistrate Judge issued a Report recommending Defendants' motion for summary judgment be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed timely objections to the Report and Recommendation on December 28, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

---

[1] Plaintiff had a second lawsuit pending in this court which contained almost identical allegations as the current case. *See James v. Powers, et al.*, D.S.C. Civil Action No. 8:05-168-CMC-BHH. By order filed August 17, 2005, this court ordered the dismissal of the second civil action, with the complaint from that case filed in this matter as a supplemental complaint. *See* Docket Nos. 38, 39, filed Aug. 17, 2005.

no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff's original complaint names "Larry Powers, Director, Spartanburg County Jail," and "Medical Department." Magistrate Judge Hendricks' order of October 29, 2004 lists "Larry Powers" and "Medical Director, Spartanburg County Detention Center" as the defendants, with no further explanation of reasons for a change in defendants. A summons and complaint were served on Defendant Powers; however, service was not accomplished on "Medical Director, Spartanburg County Detention Center."[2] The service papers for "Medical Director" were returned with the notation, "Attempted Not Known . . . Per Administration, they don't have a Medical Dir[ector]." Return of Service, Docket No. 5, filed Dec. 6, 2004. On December 8, 2004, counsel for Defendant Powers answered on behalf of "Defendants." No motion has been made to dismiss a defendant who

---

[2]No original summonses are in the file, nor is there any docket notation of summonses having been issued. Defendants have answered; therefore, the court presumes summonses were indeed issued and were sufficient under Fed. R. Civ. P. 4(a).

2

apparently does not exist and who has not been served, although this Defendant has moved for summary judgment.

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees in part with the conclusions of the Magistrate Judge. Plaintiff has failed to assert any legally sufficient Objections to the Report and Recommendation. Defendant Powers is entitled to summary judgment as Plaintiff has failed to state a viable cause of action against Powers. *See Monell v. New York City Dep't of Social Svcs.*, 436 U.S. 658, 694 (1978) (local government cannot be sued under § 1983 for injury inflicted solely by its employees or agents).

As to Defendant "Medical Director," the court dismisses Plaintiff's claims against this Defendant because this Defendant does not exist. In the alternative, the court concludes that even if Plaintiff had named a viable additional defendant, the facts establish Plaintiff has not shown deliberate indifference to his medical needs by the medical personnel at the Spartanburg County detention facility. Plaintiff has been in and out of the Spartanburg County detention facility many times. Medical records reveal that medical personnel have been responsive to Plaintiff's complaints, whether the complaints be related to Plaintiff's chronic back pain or otherwise. While Plaintiff may disagree with the course of treatment followed by the medical personnel attending to the detainees in the Spartanburg County facility, it cannot be said that these persons have been deliberately indifferent to Plaintiff's needs.

IT IS THEREFORE ORDERED that summary judgment is hereby **granted** as to Defendant Larry Powers, and this matter is **dismissed** with prejudice as to Defendant "Director, Medical Services." All other pending motions are hereby **denied**.

**IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie
                                                CAMERON McGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 20, 2006